A. M. FAUCETTE, Jr., Trustee in Bankruptcy of Lighting Center, Inc., Appellant,

v.

Mrs. Ruth K. VAN DOLSON, Appellee.

No. 10240.

United States Court of Appeals Fourth Circuit.

Argued March 10, 1966.

Decided May 2, 1966.

Philip Wittenberg, Sumter, S. C. (Wendell M. Levi, Sumter, S. C., on brief), for appellant.

M. M. Weinberg, Jr., Sumter, S. C., (Weinberg & Weinberg, Sumter, S. C., on brief), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and CRAVEN, District Judge.

PER CURIAM:

The District Court's order in bankruptcy approving a report of the Referee is now brought here on appeal by the trustee. Because there is no statement, either in the report or the order, of the conclusions of law underlying the decisions, we cannot review them with certainty. Therefore we must vacate the order and remand the cause for correction of this deficiency in the record.

Chiefly, the controversy involves the validity of a chattel mortgage executed by the bankrupt, a corporation chartered and doing business in South Carolina, to secure the payment of its note of $10,-676.40, which was given to the appellee for moneys advanced by her to the corporation. She was the wife of a director and officer, and was herself a director and officer. The trustee attacked the chattel mortgage on two grounds. The first was that the mortgage was void by virtue of sections 45–155 and 45–156, Code of Laws of South Carolina, 1952, declaring unlawful and invalid any mortgage in which the amount of the indebtedness therein stated to be secured is in excess of the sum actually received by the borrower. The second point was that the instrument was void because it was not executed and delivered either according to the corporate by-laws, as required by section 12–102(4) of the Code, or common-law principles governing transactions between corporations and interested officers and directors.

Other claims of the trustee on this appeal are for the recovery of interest paid by the corporation to the appellee-mortgagee on the note and also of amounts drawn as salary by the dominant stockholder and director. The fact that the latter items were not *mentioned* by the Referee is but another example of the inadequacy of the record.

While a large part of the facts surrounding the execution of the note and mortgage were stipulated before the Referee, many determinative circumstances were not included. The Referee made no detailed findings of fact in respect to the note, mortgage or interest paid. He was content to say that while the mortgage put the amount secured at $10,-776.40, only $10,000 had been advanced by the lender. However, the obligations were held valid because they were "for a present consideration in the amount of Ten Thousand ($10,000.00) Dollars, paid in cash by * * * [the lender] to the bankrupt corporation, and which amount was disbursed to creditors of the corporation. * * *"

Nowhere does the Referee give his reasons for holding the two documents to have been duly authorized under the corporate by-laws and the State statute. Nor does he state his conclusions of law upon the effect of the statutes annulling a mortgage which secures an amount in excess of the sums actually loaned upon it. Consequently, we are left to guess on these critical features.

As the assault upon the mortgage is mounted on State laws with which the Referee and the District Judge have far more familiarity than do we, their interpretations of these enactments and their conclusions of law upon the transaction are highly important on appeal.

The Bankruptcy Act provides for a review of a Referee's order by the District Judge on a certificate by the Referee of the proceedings. §§ 2a(10), 39a(8) and 39c, 11 U.S.C. 11a(10), 67a (8) and 67c. General Order 47 of the Supreme Court, 11 U.S.C. foll. 53, prescribes what the Referee shall include in his certificate and how the judge acts upon it, as follows:

"Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and *conclusions of law*, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." (Accent added.)

This provision applies to all orders of a Referee brought to the District Court for review. Rosehedge Corp. v. Sterett, 274 F.2d 786 (9 Cir. 1960).

As the General Order has not been followed by the Referee and as we do not have the District Judge's reasons for accepting the Referee's reading and application of the State law, we set aside the order on appeal and remand the cause to the District Court for recommitment to the Referee. In no way do we intimate any invalidity in the note or mortgage; we seek only to be better advised of the meaning and effect of the pertinent South Carolina law.

As the parties to the appeal are not responsible for the faulty record, the costs here will be taxed against the appellant with reimbursement out of the assets of the bankrupt estate.

Vacated and remanded.