A. M. FAUCETTE, Jr., Trustee in Bankruptcy of Lighting Center, Inc., Bankrupt, Appellant,

v.

Mrs. Ruth K. VAN DOLSON, Appellee.

No. 12145.

United States Court of Appeals Fourth Circuit.

Argued May 10, 1968.

Decided June 6, 1968.

Certiorari Denied Nov. 12, 1968.

See 89 S.Ct. 301.

**288**

Philip Wittenberg, Sumter, S. C. (Wendell M. Levi, Sumter, S. C., on brief), for appellant.

M. M. Weinberg, Jr., Sumter, S. C. (Weinberg & Weinberg, Sumter, S. C., on brief), for appellee.

Before BOREMAN, BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

After our decision of May 2, 1966, Faucette, Trustee v. Van Dolson, 360 F. 2d 611, the District Court sent this cause to the Referee in Bankruptcy again. The inquiry directed was on the validity of the note and chattel mortgage in the sum of $10,676.40 given March 22, 1960, to Ruth K. Van Dolson for her loan of $10,-000, by the bankrupt, Lighting Center, Inc. a South Carolina corporation conducting an electrical supply business in Sumter.

As noted in our first opinion, supra, the trustee in bankruptcy had questioned the lien. His position, first, was that since concededly the mortgagee had loaned the corporation only $10,000, the South Carolina statute [1] rendering a mortgage voidable for overstatement of the amount of the loan, nullified it. Secondly, his position rested on the absence of the requisite board authorization [2] for a corporate mortgage when a member is personally interested in the transaction, Ruth K. Van Dolson being the wife of a director. The District Court sought the fact findings and legal conclusions of the Referee upon the issue.

His subsequent report was, in substance, that the note and mortgage had been executed and delivered by the corporation with the full knowledge and assent of all the stockholders and directors, that these papers represented a bona fide obligation, that the corporation had received from Ruth K. Van Dolson in cash a loan of $10,000, that there was no suggestion of fraud or overreaching, that she had never claimed more than $10,000 as owing to her, and that the statement in the mortgage of $10,676.40, instead of $10,000, as the amount of the loan was attributable to an innocent mistake, not chargeable to the mortgagee. On these facts the Referee concluded that the chattel mortgage was a valid and subsisting lien. These findings and conclusions were completely accepted by the District Judge. The trustee appeals.

The facts just recited have generous support in the evidence, and the District Judge was thoroughly familiar with the State statutes and decisional law pertinent here. No different interpretation of the laws of South Carolina by her courts is cited to us. We have no reason to disturb the determination of the Referee and Judge.

Affirmed.

1. Code of Laws of South Carolina §§ 45-155, 156 (1952).

2. Id. § 12-102(4) (1952).